# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ROY FULLER,

      Petitioner,

                                CASE NO. 2:08-CV-892
      v.                            JUDGE FROST
                                MAGISTRATE JUDGE KING

DEBORAH TIMMERMAN-COOPER,
Warden,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, respondent's return of writ, petitioner's reply and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of this case as follows:

> In early 2006, the Madison County Sheriff's Office and the Mount Sterling Police Department conducted an undercover drug operation. A confidential informant working in connection with this operation purchased drugs from appellant on two separate occasions. On March 10, 2006, the informant purchased 11 tablets of Percocet and 1.10 grams of crack cocaine from appellant for $265. On March 24, 2006, the informant purchased 5.18 grams of crack cocaine from appellant for $650. A search warrant was obtained for appellant's home in Franklin County, and the search yielded a significant amount of crack cocaine and money.
>
> On April 13, 2006, appellant was indicted on three counts of

trafficking in drugs in violation of R.C. 2925.03(A)(1).FN1 Two of the counts were fourth-degree felonies and one count was a third-degree felony. Appellant pled guilty to the third-degree felony count and agreed to forfeit the two vehicles he used in the drug transactions in exchange for dismissal of the other two counts. Following the filing of a presentence investigation (PSI) report with the court, a sentencing hearing was held and appellant was sentenced to five years in prison....

FN1. Specifically, the indictment included one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) (sale of crack cocaine in an amount greater than one gram but less than five grams), a fourth-degree felony; one count of trafficking in drugs in violation of R.C. 2925.03(A)(1) (sale of Percocet), a fourth-degree felony; and one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) (sale of crack cocaine in an amount greater than five grams but less than ten grams), a third-degree felony.

*State v. Fuller*, 2008 WL 62330 (Ohio App. 12th Dist. January 7, 2008). Petitioner filed a timely appeal in which he asserted the following assignments of error:

1. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S OFFENSE WAS COMMITTED AS PART OF AN ORGANIZED CRIMINAL ACTIVITY.

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY NOT PROPERLY CONSIDERING AND APPLYING THE STATUTORY SENTENCING FACTORS CONTAINED IN O.R.C. 2929.12.

3. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT BASED UPON A FINDING OF FACTORS NOT FOUND BY A JURY OR ADMITTED BY THE APPELLANT IN VIOLATION OF THE APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY.

4. THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WHEN IT

SENTENCED APPELLANT TO SERVE A MAXIMUM
PRISON TERM.

*See id.* On January 7, 2008, the appellate court affirmed the trial court's judgment. *Id.* On

June 18, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v.*

*Fuller,* 118 Ohio St.3d 1461 (2008).

On September 19, 2008, petitioner filed the instant *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent

in violation of the Constitution of the United States based upon the following grounds:

> 1. The trial court erred in finding that the petitioner['s] offense
> was committed as part of an organized criminal activity.
>
> 2. The trial court erred to the prejudice of the petitioner by not
> properly considering and applying the statutory sentencing
> factors contained in O.R.C. §2929.12.
>
> 3. The trial court erred when it sentenced the petitioner based
> upon a finding of factors not found by a jury or admitted by
> the petitioner in violation of the petitioner's State and federal
> constitutional rights to trial by jury.

It is the position of the respondent that petitioner's claims are without merit.

## CLAIM ONE

In claim one, petitioner asserts that the trial court improperly found that his

conviction on trafficking in cocaine was sufficient to conclude that the offense was

committed as part of an organized criminal activity for sentencing purposes. This claim

presents an issue regarding the alleged violation of state law. As such, claim one fails to

present an issue appropriate for federal habeas corpus review.

A federal court may review a state prisoner's habeas petition only on the ground

that the challenged confinement is in violation of the Constitution, laws or treaties of the

United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus

"on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith*

*v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an

additional state appellate court reviewing state courts' decisions on state law or procedure.

*Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state

court's interpretation of its own rules of evidence and procedure'" in considering a habeas

petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only

where the error resulted in the denial of fundamental fairness will habeas relief be granted.

*Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Claim one is without merit.

### CLAIM TWO

In claim two, petitioner asserts that he was sentenced in violation of *Blakely v.*

*Washington*, 542 U.S. 296 (2004), because the trial court made a factual finding that his

conduct was a part of an organized criminal activity and therefore increased his sentence

pursuant to O.R.C. §2929.12. The state appellate court rejected this claim as follows:

> Appellant contends that R.C. 2929.12 is unconstitutional in that
> it requires judges to make findings of fact which are neither
> found by a jury nor admitted by the accused, in violation of the
> accused's Sixth Amendment right to a jury trial. In particular,
> appellant contests the trial court's organized criminal activity
> conclusion and imposition of the maximum sentence for his
> offense.
>
> In *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470,
> 2006-Ohio-856, the Ohio Supreme Court ruled that certain

Ohio sentencing laws are unconstitutional because they require a court to engage in judicial fact finding, thereby depriving the accused of the right to a jury trial. As a result of the Ohio Supreme Court's severance of the unconstitutional sentencing provisions, judicial fact finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required. *Foster* at paragraph two of the syllabus. *See, also, State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, paragraph three of the syllabus.

The *Foster* court noted that R.C. 2929.12 only requires a trial court to consider the general guidance factors in R.C. 2929.12 in imposing sentence, rather than engage in judicial fact finding. *Foster* at ¶ 42. Appellant's argument is thus without merit as the Ohio Supreme Court determined R.C. 2929.12 to be constitutional. *See State v. Kapsouris*, Mahoning App. No. 06 MA 47, 2006-Ohio-7056, ¶ 23. In addition, we note that the trial court's observation of the organized criminal activity factor was one factor amongst many considered by the trial court in imposing the five-year prison sentence.

We conclude that the trial court did not err in considering the factors enumerated in R.C. 2929.12 when imposing appellant's sentence.

*State v. Fuller, supra.*

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on

an unreasonable determination of the facts in light of the evidence that was presented. 28

U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this

standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v.*

*Taylor*, 529 U.S. 362 (2000).  Petitioner has failed to meet this standard here.

O.R.C. §2929.12 provides:

>(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

>(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

>(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

>(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

>(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

>(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

>(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

O.R.C. §2929.12.   As discussed by the state appellate court, petitioner's conviction on trafficking in crack cocaine was sufficient, under Ohio law, for the trial court to conclude that he was engaged in an "organized criminal activity" for sentencing purposes.  Further, facts admitted by petitioner were sufficient to establish such a finding.  *See State v. Fuller, supra; Blakely v. Washington, supra,* 542 U.S. at 303 (holding that the statutory maximum sentence that a judge may impose is the sentence based on the facts reflected in the jury's verdict or admitted by the defendant); *see also Judgment Entry of Sentence, Exhibit 3 to Return of Writ:*

> After considering all of the facts and the sentencing factors contained in Ohio Revised Code 2929.12, the Court finds a prison term is consistent with the purposes and principles of sentencing set forth in Ohio Revised Code 2929.11; the offense is more serious because the defendant engaged in an organized criminal activity, *i.e.*, trafficking in crack cocaine....

*Id.*

Claim two is without merit.

### CLAIM THREE

In claim three, petitioner asserts that he was unconstitutionally sentenced because the trial court failed to consider results of his polygraph examination in concluding that petitioner had engaged in a pattern of organized criminal activity for sentencing purposes. The state appellate court rejected this claim as follows:

> Appellant places great emphasis on the results of his polygraph examination, which he claims rebuts the conclusion that he was a "high-level drug dealer." In Ohio, the results of a polygraph examination are only admissible if there is a stipulation between the parties to that effect. *In re D.S.*, 111 Ohio St.3d 361, 856 N.E.2d 921, 2006-Ohio-5851, ¶ 13. Even then, such results are only admissible for purposes of corroboration or impeachment. *Id*. Here, the parties did not stipulate to the admission of appellant's polygraph results. Therefore, the results were not properly made part of the record and this court cannot consider them as evidence.

*State v. Fuller,* 2008 WL 62330 (Ohio App. 12th Dist. January 7, 2008).

Again, this claim presents an issue of state law that fails to warrant habeas corpus relief. 28 U.S.C. §2254(a); *Pulley v. Harris, supra; Smith v. Sowders, supra.*

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and*

*Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


April 5, 2010                                                    s/Norah McCann King
                                                           Norah McCann King
                                                           United States Magistrate Judge